IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

March 21, 2012

RE:    MOHAMMED BERETE   V.  BRIAN PATTON, ETAL
CA No. 11-6594

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Sitarski, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By
LINDA V. JERRY, Deputy Clerk

cc:   BERETE
      HOBART

Courtroom Deputy to Judge Joyner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMED BERETE, Petitioner, | FILED MAR 20 2012 MICHAEL E. KUNZ, Clerk By ___ Dep. Clerk | CIVIL ACTION |
| v. | | NO.   11-CV-6594 |
| BRIAN PATTON, et al. Respondents. | | |

### REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI**  **DATE: March 20, 2012**
**UNITED STATES MAGISTRATE JUDGE**

Pending before this Court is a *pro se* petition for writ of habeas corpus, filed pursuant to 28 U.S.C. §2241, by Mohamed Berete ("Petitioner"), an individual currently incarcerated in the Federal Detention Center, located in Philadelphia, Pennsylvania.[1] For the following reasons, this Court respectfully recommends that the petition for habeas corpus be **DISMISSED** as moot.

### I.   FACTS AND PROCEDURAL HISTORY

On the night of February 18, 2011, Petitioner was driving an automobile in Reading, Pennsylvania when he was pulled over by Officer Christopher A. Cortazzo. *See* Order, *Commonwealth v. Berete*, No. CP-06-CR-933-2011, at ¶¶1-3 (Pa. Ct. Com. Pl. July 14, 2011).

---

[1] While he was awaiting trial, Petitioner filed two habeas petitions by utilizing the forms designated for 28 U.S.C. § 2254 habeas petitions. (Doc. Nos. 1 & 5). However, because Petitioner was not yet convicted when he filed the petitions, this was an error. *See Padilla v. Brewington-Carr*, No. 98-661, 2002 WL 100572, at *1 (D. Del. Jan. 22, 2002). This Court will construe the instant petitions as if they were filed pursuant to 28 U.S.C. § 2241. *See id.*; *see also* Order, *Berete v. Patton*, No. 11-6594 (E.D. Pa. Nov. 11, 2011) ("Petitioner may only challenge his pre-trial detention via a properly filed petition pursuant to 28 U.S.C. § 2241.").

The officer conducted the traffic stop because of Petitioner's tinted windows. *Id.* at ¶3. After Petitioner exited the car as requested, Petitioner shoved Officer Cortazzo and attempted to flee. *Id.* at ¶¶ 11-12. Officer Cortazzo utilized his taser on Petitioner, causing Petitioner to fall to the ground. *Id.* at ¶12. After Petitioner was subdued, the officer found drugs and a gun on him, and recovered drugs from his vehicle. *Id.* at ¶¶13-17. Petitioner was arrested and charged with various crimes.

The case is assigned to the Honorable Linda K. M. Ludgate of the Court of Common Pleas of Berks County. Petitioner's appointed criminal attorney, Holly Beth Feeney, Esq., filed an Omnibus Pre-Trial Motion for Relief on April 27, 2011, arguing for the suppression of evidence based upon the alleged illegality of the traffic stop and ensuing search. *See* Omnibus Pre-Trial Motion for Relief, *Commonwealth v. Berete*, No. CP-06-CR-933-2011 (Pa. Ct. Com. Pl. Apr. 27, 2011). The motion also sought Habeas Corpus relief, contingent on the success of the motion to suppress. *Id.*; *see also* N.T. 7/12/2011, at 3. The trial court conducted a hearing on July 12, 2011, and denied Petitioner's motions.[2] *See* Pennsylvania Docket, No. CP-06-CR-933-2011 (Pa. Ct. Com. Pl. July 12, 2011); Order, *Commonwealth v. Berete*, No. CP-06-CR-933-2011 (Pa. Ct. Com. Pl. July 14, 2011).

On October 7, 2011, Petitioner filed a federal habeas petition, primarily asserting that the

---

[2] Petitioner had also filed various *pro se* motions and briefs in state court, despite being represented by counsel. The state court record and docket show that these motions were dismissed because Petitioner is not entitled to hybrid representation (i.e., he is not entitled to file *pro se* motions while he is being represented by counsel). *See, e.g.,* Order, *Commonwealth v. Berete*, No. CP-06-CR-933-2011 (Pa. Ct. Com. Pl. Sept. 16, 2011) (dismissing four *pro se* motions because Petitioner has no right to hybrid representation); Order, *Commonwealth v. Berete*, No. CP-06-CR-933-2011 (Pa. Ct. Com. Pl. Aug. 26, 2011) (dismissing two *pro se* motions on the same basis).

suppression motion was improperly denied.[3] (Doc. No. 1). Petitioner also attached other *pro se* documents to the petition, including a "Motion to Correct or Overturn the Judgment (or Decision) at the Pre-Trial Motion Hearing for the Suppression Motion;" an "Affidavit of Non-Probable Cause, Illegal Search and Seizure, Racial Discrimination and Racial Profile, and Use of Excessive Forces, Aggravated and Simple Assault . . . By Police Officer;" and a "Petition for a Writ of Habeas Corpus."[4] *See* Pet'r's *Pro Se* Habeas Pet., Ex. A.

On November 28, 2011, the Honorable J. Curtis Joyner filed an Order, instructing the clerk to furnish Petitioner with the proper § 2241 habeas form, and instructing Petitioner to re-file his petition within thirty days. (Doc. No. 4). Petitioner filed a "revised" habeas petition on December 6, 2011, asserting the same claims, and still utilizing the same § 2254 form. (Doc. No. 5). Petitioner also attached a "Motion to Replace Counsel for Misrepresentation: Ineffective Assistance and False Informations by Counsel" to his revised habeas petition. *See* Pet'r's *Pro Se*

---

[3] Pennsylvania and federal courts employ the prisoner mailbox rule. *See Perry v. Diguglielmo*, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (*citing Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. Ct. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* petition is deemed filed when delivered to prison officials for mailing. *See Burns*, 134 F.3d at 113; *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox). Nevertheless, it is a prisoner's burden to prove that the doctrine applies by providing evidence for when the petition was placed within a prison mailbox or delivered to prison officials. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997); *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. Ct. 2001); *see also Council v. Nash*, 400 Fed. Appx. 680, 682 (3d Cir. 2010) (holding that it is appellant's burden to prove that the prisoner mailbox rule applies in a civil rights case). Here, Petitioner signed and dated his *pro se* habeas petition on October 7, 2011; this is the date it is deemed to have been filed. *See* Pet'r's Habeas Pet.

*Pro se* Petitioner has filed multiple documents in this matter; Petitioner signed and dated each of these documents. We will apply the prisoner mailbox rule to all such submissions, and deem them filed on the date that each was signed and dated.

[4] Each of these *pro se* filings provide further argument in support of his petition for habeas relief. Therefore, this Court will construe these documents as memoranda of law.

3

Revised Habeas Pet. 21-24.

Judge Joyner referred the instant case to this Court on February 8, 2012. (Doc. No. 6). This Court ordered the Respondents to file an Answer, and ordered the Prothonotary of Berks/Clerk of Courts or Office of Judicial Support of Berks County to file the state court record. (Doc. No. 7).

However, Petitioner's state court criminal trial commenced and concluded before the Answer was filed. *See* Pennsylvania Docket, No. CP-06-CR-933-2011 (Pa. Ct. Com. Pl. Mar. 2, 2012). On March 2, 2012, Petitioner was convicted of the following crimes: firearms not to be carried without a license; escape; receiving stolen property; intentional possession of controlled substances; and improper tinting of the windows in his automobile. *Id.* Sentencing is scheduled for March 20, 2012. *Id.*

Respondents filed an Answer to the current petition on March 5, 2012, asserting that the petition should be dismissed as unexhausted and/or non-cognizable. (Doc. No. 9). Petitioner subsequently filed a Reply, in which he argued that he did, indeed, exhaust his state court remedies. Petitioner also requested a hearing before this Court. (Doc. No. 11).

## II. DISCUSSION

"[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Duran v. Thomas*, 393 Fed. Appx. 3, 4 (3d Cir. 2010) (*quoting Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in

4

the normal functioning of state criminal processes.'" *Id.* (*quoting Moore*, 515 F.2d at 445-46); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (*citing Ex Parte Royall*, 117 U.S. 241, 253 (1886)) ("federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court"). The sparing use of pretrial habeas relief is "premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *See Evans v. Ct. of Common Pleas, Del. County, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (*citing Younger v. Harris*, 401 U.S. 37, 44 (1971)). Federal habeas corpus is not a pre-trial motion forum for state prisoners. *See Moore*, 515 F.2d at 445 (*quoting Braden*, 117 U.S. at 493).

Once a petitioner is convicted, though, "the issue as to the legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented." *Thorne v. Warden*, 479 F.2d 297, 299 (2d Cir. 1973); *Miller v. Glanz*, 331 Fed. Appx. 608, 610 (10th Cir. 2009). "Mootness, of course, is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation." *Miller*, 331 Fed. Appx. at 610. Accordingly, if a § 2241 petition is moot based upon a conviction, "the court lacks jurisdiction and must dismiss it." *Padilla*, 2002 WL 100572, at *2; *see also Slutzker v. Wilson*, No. 06-313, 2007 WL 1007523, at *1-2 (W.D. Pa. Mar. 29, 2007) (dismissing § 2241 petition as moot after petitioner was convicted).

In this case, Petitioner filed his § 2241 habeas petition and revised habeas petition while he was awaiting trial. Between the time of filing and the current time, Petitioner was convicted of various crimes in the state court. Therefore, the instant petition has become moot, and this

5

Court recommends dismissing his petition as such.[5] *See Slutzker*, 2007 WL 1007523, at *2; *Padilla*, 2002 WL 100572, at *2.

### III. CONCLUSION

For the forgoing reasons, this Court respectfully recommends that the instant habeas petition be **DISMISSED** as moot.

Therefore, I make the following:

---

[5] Petitioner attached multiple motions and briefs to both his original habeas petition and revised habeas petition. Many of these filings concern Petitioner's claim of mistreatment during his arrest. This Court is unable to provide relief for such a claim under the habeas statute, as this claim does not implicate the duration or validity of his confinement. *See Wilkerson v. Dotson*, 544 U.S. 74, 81 (2005). Upon review of this Court's docket, it appears that Petitioner has filed a separate civil action pursuant to 42 U.S.C. § 1983 asserting various claims arising out of this claimed mistreatment during arrest. *See* Compl., *Berete v. Cortazo*, No. 11-4111 (E.D. Pa. June 28, 2011).

Additionally, to the extent Petitioner is seeking substitute trial counsel, this Court finds that this issue is likewise moot as Petitioner was already convicted.

6

## RECOMMENDATION

AND NOW, this __20th__ day of March, 2012, IT IS RESPECTFULLY RECOMMENDED that the petition for a writ of habeas corpus be **DISMISSED** as moot.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

*Lynne A. Sitarski*
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MOHAMED BERETE,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | NO.  11-CV-6594 |
| | : | |
| **BRIAN PATTON, et al.** | : | |
| Respondents. | : | |

**O R D E R**

AND NOW, this           day of              , 2012, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, IT IS ORDERED that:

   1. The Report and Recommendation is APPROVED and ADOPTED.

   2. The petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DISMISSED as moot.

   3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
J. CURTIS JOYNER, JR., J.